# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEWIS BRADLEY

**DEFENDANTS**
ONBE, INC., NORTH LANE TECHNOLOGIES, INC., and FIFTH THIRD BANK

**(b)** County of Residence of First Listed Plaintiff: N/A
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery Cty, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew M. Milz
Flitter Milz, P.C. 450 N. Narberth Avenue, Suite 101
Narberth, PA 19072

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1693 et seq.

Brief description of cause:
Violation of Electronic Fund Transfer Act ("EFTA")

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: Jan 22, 2026
SIGNATURE OF ATTORNEY OF RECORD: /s/ Andrew M. Milz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Conshohocken, PA

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☒ 16. All Other Federal Question Cases. *(Please specify)*: 15 U.S.C. § 1693 et seq. (EFTA

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XXX] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS BRADLEY,<br><br>　　　　　*Plaintiff*,<br><br>　　　v.<br><br>ONBE, INC.,<br>NORTH LANE TECHNOLOGIES, INC., and<br>FIFTH THIRD BANK,<br><br>　　　　　*Defendants*. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lewis Bradley ("Mr. Bradley" or "Plaintiff"), by and through his undersigned counsel, alleges the following against Onbe, Inc., North Lane Technologies, Inc., and Fifth Third Bank (collectively "Defendants"):

**PRELIMINARY STATEMENT**

1. Plaintiff is a victim of a crime; specifically, on or about May 10, 2025, unknown third parties unlawfully gained access to Plaintiff's MyPaymentVault account, an online platform managed and operated by Onbe and/or North Lane Technologies and stole nearly $15,000.00 via unauthorized electronic fund transfer.

2. Plaintiff repeatedly disputed the unauthorized transaction with Defendants; however, they failed to comply with their obligations under the law and to this day they continue to victimize the Plaintiff by failing to reimburse the Plaintiff for his loss.

3. Plaintiff brings claims against Defendants for violations of Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (EFTA).

**JURISDICTION AND VENUE**

4. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

5. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

6. Venue is proper in this District because one or more of the Defendants reside in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

## PARTIES

7. Plaintiff Lewis Bradley is a natural person and a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

8. At all times relevant, Plaintiff's accounts with Defendants were used for personal, family, or household purposes.

9. Defendants Onbe and/or North Lane Technologies, Inc. are fintech companies that provide electronic and/or debit card payout gateways for businesses to manage payments to individuals.

10. Defendant North Lane Technologies, Inc. is a Delaware corporation with its principal place of business at 555 E. North Lane, Suite 5040, Conshohocken, PA 19428.

11. Defendant Onbe, Inc. is a Delaware corporation with its principal place of business at 555 E. North Lane, Suite 5040, Conshohocken, PA 19428.

12. Upon information and belief, Defendant North Lane Technologies, Inc. is a partner with, has merged with and/or is owned by Defendant Onbe.

13. Defendant Fifth Third Bank, N.A. is a national banking association organized under the laws of the United States, with its principal place of business located at 38 Fountain Square Plaza, Cincinnati, OH 45202.

14. At all times relevant to this Complaint, Defendants Onbe, Inc., North Lane Technologies, Inc. and Fifth Third Bank were "financial institutions" as defined by the EFTA, 15 U.S.C. § 1693a(9), and Regulation E, 12 C.F.R. § 1005.2(i).

## FACTUAL ALLEGATIONS

19. Plaintiff is an employee of Royal Caribbean Cruises, Ltd., which is headquartered in Miami, Florida.

20. Plaintiff's wages from Royal Caribbean are deposited onto a prepaid debit card issued by Fifth Third Bank and managed by Defendants Onbe and/or North Lane Technologies, Inc.

21. Plaintiff accesses his prepaid debit card account (the "Account") via MyPaymentVault, an online platform managed and operated by Onbe and/or North Lane Technologies.

22. On or about May 8, 2025, Plaintiff attempted to log into his MyPaymentVault account but was unable to do so as he was locked out.

23. Concerned about the inability to access his Account, Plaintiff emailed MyPaymentVault customer service assistance.

24. In response, Plaintiff received an email from an entity claiming to be "Royal Caribbean Group" stating that "MyPaymentVault is currently updating and to please do not open MyPaymentVault in the application or on the web until there is an email stating that the update is complete."

25. Still unable to access his Account, Plaintiff called Onbe and/or North Lane for assistance in regaining access to his Account.

26. During that call, a representative from Onbe and/or North Lane was able to assist Plaintiff in regaining access to his account.

27. Upon regaining access to his Account, Plaintiff first discovered that $15,000.00 had been stolen via an unauthorized electronic fund transfer.

28. Specifically, $14,995.01 was electronically transferred to the State Bank of India on or about May 10, 2025, and Plaintiff was assessed a $4.99 transfer fee.

29. The electronic transfer of $14,995.01 was not authorized by the Plaintiff nor did he agree to pay the $4.99 transfer fee.

30. The Plaintiff received no benefit from the $14,995.01 electronic transfer nor the payment of the $4.99 transfer fee.

31. Plaintiff did not receive notifications regarding the unauthorized electronic transfer.

32. Plaintiff has no banking relationship with State Bank of India.

33. Plaintiff has never made any transfers, electronic or otherwise, to the State Bank of India.

34. The unauthorized electronic transfer was wholly inconsistent with any prior banking activity in Plaintiff's Account.

35. Shortly after the discovery of the unauthorized electronic transfer, Plaintiff notified Onbe and/or North Lane via telephone and email to dispute the unauthorized electronic transfer.

36. Plaintiff informed Onbe and/or North Lane that he had been locked out of his Account and that he had not authorized the electronic fund transfer to the State Bank of India.

37. Despite Plaintiff's timely notification of his dispute, Onbe and/or North Lane unlawfully denied Plaintiff's claim.

38. In the denial, Onbe and/or North Lane claimed that the transaction was authorized because the Account was accessed via a One Time Password ("OTP").

39. Plaintiff never received an OTP authorizing access to his Account by any method (text, email or otherwise) as the Account had been compromised by unknown third parties.

40. On June 20, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") regarding the unauthorized electronic transaction and Onbe and/or North Lane's response regarding same.

41. On August 25, 2025, Onbe and/or North Lane responded to the CFPB complaint, repeating the same reason for the denial of the initial dispute: that the Account was accessed via OTP.

42. On or about September 21, 2025, Plaintiff's counsel sent disputes to Fifth Third Bank and Onbe reiterating that the electronic transfer in the amount of $14,995.01 was not authorized by Plaintiff and demanded reimbursement for the unauthorized transfer pursuant to the EFTA.

43. The letter included Plaintiff's declaration which was made under penalty of perjury and included other documentation supporting Plaintiff's claim that the electronic transfer was unauthorized.

44. By letter dated November 3, 2025, Fifth Third Bank responded to the Plaintiff's counsel's dispute by merely referring to separate letter dated October 28, 2025 from North Lane.

45. The October 28, 2025 letter from North Lane simply repeated their earlier assertion that the transaction was authorized because the Account was accessed via an OTP.

46. Despite this assertion, Defendants have not provided Plaintiff with any meaningful explanation of the investigation conducted, nor have they provided any documentation or evidence supporting their conclusion that the transaction was authorized.

47. Defendants have refused to reimburse Plaintiff for the stolen funds.

## CAUSE OF ACTION

### Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

48. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendants bear the responsibility for unauthorized transfers and withdrawals such as those in question.

50. Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-
>
> (1) $50; or
>
> (2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected.

51. Thus, the consumer's liability for unauthorized use is generally capped at a maximum of $50 for unauthorized transfers.

52. This cap is increased to $500 where the consumer waits more than two business days after becoming aware of the unauthorized transaction to notify the financial institution. 15 U.S.C. § 1693g(a)(2).

53. The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

> (b) Limitations on amount of liability. A consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined as follows:
>
> (1) Timely notice given. If the consumer notifies the financial institution within two business days after learning of the loss or

> theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution.
>
> (2) Timely notice not given. If the consumer fails to notify the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $500 or the sum of:
>
>> (i) $50 or the amount of unauthorized transfers that occur within the two business days, whichever is less; and
>>
>> (ii) The amount of unauthorized transfers that occur after the close of two business days and before notice to the institution, provided the institution establishes that these transfers would not have occurred had the consumer notified the institution within that two-day period.

54. Denials based on a consumer's alleged negligence are expressly prohibited under the EFTA's implementing regulations. See Consumer Financial Protection Bureau, Comment for 1005.6 Liability of Consumer for Unauthorized Transfers, 6(b)(2) ("Negligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E. Thus, consumer behavior that may constitute negligence under state law, such as writing the PIN on a debit card or on a piece of paper kept with the card, does not affect the consumer's liability for unauthorized transfers.")

55. Under the EFTA, consumers who are tricked into providing account access by a scammer posing as a bank employee are not liable for the transactions initiated by the scammer, which are unauthorized electronic fund transfers under § 1693a(12). *See, e.g.*, Official Interpretation of Regulation E, 12 C.F.R. § 1005.2(m)(3) ("Access device obtained through robbery or fraud. An unauthorized EFT includes a transfer initiated by a person who obtained the access device from the consumer through fraud or robbery.").

56. Thus, Defendants' failure to reimburse Plaintiff is patently unlawful and in violation of Section § 1693g.

57. Defendants' stated basis for denial is also invalid under the EFTA.

58. The EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized. 15 U.S.C. § 1693g(b).

59. Defendants cannot meet their burden of proof here, where:

a) Plaintiff promptly disputed the transactions;

Plaintiff provided a sworn affidavit;

c) Plaintiff has no criminal history;

d) Plaintiff has no history of filing false disputes;

e) The transfers are wholly inconsistent with Plaintiff's pattern of use; and

f) Defendants completely ignored the fact that the Plaintiff could not have received an OTP to approve the unauthorized transfer as he was the victim of an account takeover.

60. Defendants also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying Plaintiff's claim. 15 U.S.C. § 1693f(d). *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for or cause of those findings.").

61. Defendants also violated the EFTA by failing to provide Plaintiff with notice of their right to request reproductions of all documents which Defendant relied on to conclude that an error did not occur, as required under 15 U.S.C. § 1693f(d).

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

63. Defendants did not conduct a good faith investigation regarding the stolen funds.

64. Defendants did not have a reasonable basis for believing the account was not in error based on the evidence Plaintiff provided to Defendants.

65. Specifically, Defendants' conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

66. As a direct and proximate result of Defendants' violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in his favor and against Defendants awarding:

A. actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and,

B. such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

FLITTER MILZ, P.C.

Dated: 1/22/2026

/s/ Andrew M. Milz
Cary L. Flitter (PA Id. 35047)
Andrew M. Milz (PA Id. 207715)
Jody T. López-Jacobs (PA Id. 320522)
Edward M. Flitter (PA Id. 329337)
450 N. Narberth Avenue, Suite 101

Narberth, PA 19072
Telephone: (610) 822-0782
Facsimile: (610) 667-0552
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com
eflitter@consumerslaw.com

Jason Verhagen
*pro hac vice forthcoming*
Schlanger Law Group, LLP
150 Allens Creek Road
Suite 240
Rochester, NY 14618
T: 212-500-6114
F: 646-612-7996
E: jverhagen@consumerprotection.net

*Attorneys for Plaintiff*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| LEWIS BRADLEY<br>*Plaintiff*<br>v.<br>ONBE, INC., NORTH LANE TECHNOLOGIES, INC., and<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Andrew M. Milz, Esquire
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
610-822-0781

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: